SOUTHERN CASH REGISTER CO. v. MONTGOMERY.

(Circuit Court, N. D. Georgia, W. D. January 31, 1906.)

No. 69.

REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—CONSTRUCTION OF DECLARATION.

A declaration containing two counts, each claiming damages in the sum of $1,900, and which alleges that the acts of defendant complained of have caused damage to plaintiff in its present and accrued sales in the sum of $1,900, and also in its future sales and business in a like sum, authorizes a recovery of $3,800, and the amount involved is sufficient to render the cause removable, where the other jurisdictional facts appear.

[Ed. Note.—Jurisdiction of federal courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

On Motion to Remand to State Court.

Crawford & Ricketson, for plaintiff.

Felder & Rountree and E. D. Thomas, for defendant.

NEWMAN, District Judge. The question raised on the motion to remand in this case is that of the jurisdictional amount. It is a suit by the Southern Cash Register Company, which sells the Hallwood Cash Register, against Hugh Montgomery, as the agent and representative of the National Cash Register Company. The declaration has two counts, and possibly it may be said to have three, each claiming $1,900 by way of damages for interference in different ways with its business. The petition for removal sets out the amount in controversy is $3,800, and this is true, independently of anything else contained in the declaration, by paragraph 7. This paragraph, which concludes the petition, except the prayer for process, is as follows:

"Petitioners show that by and because of the aforesaid willful, malicious, illegal, fraudulent, and false statements, acts, conduct, and doings of said defendant, petitioners were injured and damaged in their present and accrued sales and business in the sum of $1,900, and that for said causes and in like manner said petitioners were and are injured and damaged in their future sales, character, reputation, and business in the aforesaid sum of $1,900."

· It seems from this that plaintiff would have the right to recover, if it has any right to recover at all, $1,900 for injury to its business up to the time of bringing its suit, and $1,900 injury and damage thereafter, making the total sum $3,800. Certainly this is claimed in the declaration.

It appears to me that the necessary jurisdictional amount is involved in this case, and the motion to remand on the ground that it is not so involved will be denied.